IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Civil Case No. DC-19-05139

VELA WOOD, P.C., RADNEY WOOD,
INDIVIDUALLY and KEVIN VELA,
INDIVIDUALLY

    Plaintiff,

        v.

ASSOCIATED INDUSTRIES
INSURANCE COMPANY, INC.,

    Defendant.

### DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Associated Industries Insurance Company, Inc. by and through its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby files this Notice of Removal of the action commenced in Dallas County Civil Court captioned *Vela Wood, PC, Radney Wood, Individually and Kevin Vela, Individually,* No DC-19-05139 (the "State Court Action"). In support thereof, Defendant states as follows:

1.    On April 9, 2019, Plaintiffs Vela Wood, PC, Radney Wood, Individually and Kevin Vela, Individually ("Plaintiffs") filed an Original Petition for Declaratory Judgment against Associated Industries Insurance Company, Inc., ("Defendant") in Dallas County State Court alleging a cause of action for breach of contract and seeking a declaratory judgment pursuant to the Uniform Declaratory Judgment Judgements Act (Tex. Civ. Prac. & Rem. Code, Chapter 37) as to providing defense costs and indemnity for an underlying litigation *JB&A Extended Warranties, LLC v. Vela Wood P.C. and Radney Wood, Individually,* Cause No. DC-

18-01374 Dallas County 192nd Judicial District ("JB&A Lawsuit").  (Exhibit 1 – Plaintiffs' Original Petition).

2. On April 17, 2019, the State Court issued and e-served a citation naming the Texas Secretary of State as the correct party to accept service on behalf of Defendant Associated Industries Insurance Company, Inc.  (Exhibit 2 – Citation) .

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

5. Defendant has timely filed its Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it has filed within thirty days of service of the Complaint upon the Defendant.  The Defendant was served on April 17, 2019.

6. In this case, Plaintiffs' Petition alleges the requisite jurisdictional facts. The core of Plaintiffs' causes of action is the allegation that Defendant breached its contract by incorrectly denying coverage to the Plaintiffs. Defendant issued claims made and reported Policy Nos. AES1045271 and AES1045271 03 to Vela Wood, P.C. for the policy periods of March 6, 2017 to March 6, 2018 and March 6, 2018 to March 6, 2019 (hereinafter the "Policies") (Exhibit 1, Ex. A).  Plaintiffs allege that the Defendant agreed to defend Vela Wood, PC against any claim to which the Policies apply. (Exhibit 1, ¶13).  On January 1, 2018, Vela Wood, PC was served with an Original Petition in the JB&A Lawsuit. (Exhibit 1, Ex. C)**.**  The Plaintiffs allege the Original Petition in the JB&A Lawsuit did not contain any factual allegations to support wrongdoing and did not establish what act, errors or omissions caused harm to JB&A. (Exhibit 1, ¶22).  On April

5, 2018, JB&A filed an Amended Petition (Ex. 1, Ex. D**)**.  In this Amended Petition, JB&A added Kevin Vela as a defendant. (Exhibit 1, Ex. D).  Plaintiffs allege the Amended Petition filed in the JB&A Lawsuit constituted a claim for a Wrongful Act made in the 2018 Policy and they timely reported the claim to Defendant (Exhibit 1, ¶¶26, 27, 28).  On July 27, 2018, Defendant sent a letter to Plaintiffs denying defense and indemnity for coverage for the JB&A Lawsuit. (Exhibit 1, ¶29).

## DIVERSITY OF CITIZENSHIP

7. Plaintiffs allege Vela Wood, PC, is a law firm and a professional corporation organized under the laws of the State of Texas with a place of business as 5307 Mockingbird Lane, Suite 802, Dallas, Texas 75206. (Exhibit 1, ¶3).  Plaintiff Kevin Vela alleges he is an individual who resides in Dallas County, Texas. (Exhibit 1, ¶4).  Plaintiff Radney Wood alleges he is an individual who resides in Travis County, Texas. (Exhibit 1, ¶5).  For diversity purposes, an individual is a citizen of the state in which he is domiciled. *See* 28 U.S.C§. 1332(a)(1).  Thus, Plaintiffs are citizens of Texas for purposes of diversity jurisdiction.

8. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business. 28 U.S.C. § 1332(c)(1). Associated Industries Insurance Company is a Florida corporation with its principal address in Boca Raton, Florida**.** (Exhibit 2 – Florida Secretary of State information). Associated Industries Insurance Company is identified as a foreign corporation whose home state is identified as Florida.  (Exhibit 3 – Texas Department of Insurance information).  Texas is <u>not</u> Associate Industries Insurance Company's principal place of business. Associate Industries Insurance Company is a citizen of Florida for diversity purposes.

9. Based on the foregoing, there is complete diversity between the parties within the meaning of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

10. The alleged amount in controversy exceeds the $75,000.00 jurisdictional minimum, as required under 28 U.S.C. § 1332(a)(2).

11. In an action for declaratory relief, the amount in controversy is the "value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The policy limits are controlling "in a declaratory judgment action … as to the validity of the entire contract between the parties." *See* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3D §3710 (3d ed. 1998); *see also Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) (holding that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy). When there is a declaratory judgment regarding coverage provided by an insurance policy, the "value of the right to be protected" is the insurer's potential liability under the policy plus potential attorneys' fees, penalties, statutory damages and punitive damages. *Greenberg*, 134 F.3d at 1253.

12. The claims made and reported Policies issued by Defendant provide for a $1,000,000 each Claim limit for damages and claim expenses that the Insured becomes legally obligated to pay as a result of a Claim made against the Insured for a Wrongful Act. (Exhibit 1, Ex. A).

13. In this case, the Plaintiffs have not quantified the exact amount of damages being sought. Plaintiffs allege that in 2017 and 2018 they paid insurance premiums to Defendant

totaling nearly $50,000.00 for the issuance of the Policies, but it is unclear from their Petition as to whether they are seeking recovery of the premium amounts paid. (Exhibit 1, ¶35). The Plaintiffs request recovery of all incurred attorneys' fees and defense costs in the JB&A Lawsuit to date as well reimbursement of all attorneys' fees and defense costs to be incurred in the JB&A Lawsuit. (Exhibit 1, ¶39). Additionally, the Plaintiffs are seeking a declaratory judgment "in order to set forth and determine the rights, obligations, and liability that exist among the parties" under the Policies that provide per Claim limits of $1,000,000. (Exhibit 1, ¶40). Moreover, the Plaintiffs seek attorneys fees and costs incurred as a result of pursuing a declaratory judgment action and bringing a breach of contract claim against Defendant. (Exhibit 1, ¶43).

14. The amount in controversy in the JB&A Lawsuit is also relevant. The plaintiffs in the JB&A Lawsuit filed a pleading stating they were seeking "monetary relief over $1,000,000." (Exhibit 1, Ex. D, ¶3.5). According to a summary judgment motion filed by the Plaintiffs in the JB&A Lawsuit, the JB&A plaintiffs have specified actual damages of $337,967.21 and a disgorgement of fees totaling approximately $22,000. (Exhibit 4, p. 8). While the Plaintiffs in this matter have not quantified the exact amount that they are seeking, the evidence shows the Defendant's potential liability is up to the $1,000,000 per Claim limit of the Policies and at a minimum, the actual damages specified by the JB&A plaintiffs of $337,967.21 plus attorneys fees and costs incurred in defending the JB&A Lawsuit. Thus, the amount in controversy exceeds the $75,000 jurisdictional minimum.

**COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

15. Pursuant to 28 U.S.C. § 1446(a) and Northern District Local Rule 81.1, all papers, pleadings and indexes that have been filed or served upon Defendant in the State Court Action, including the docket sheet, are attached hereto as Exhibit 5. To the best of Defendant's

knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

16. Defendant will serve a copy of this Notice of Removal on Plaintiffs' counsel and will file a copy with the Dallas County District Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal filed with the Dallas County District Court and served upon Plaintiffs' counsel will be filed with this Court as, after the filing is completed.

17. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Associated Industries Insurance Company, Inc., respectfully requests that the filing of this Notice of Removal shall effect the removal of this case to the United State District Court for the Northern District of Texas.

Dated:  May 13, 2019

By: */s/ Addie L. Jones*
Addie Jones
Texas State Bar Number:
Michael Gonzales
Texas State Bar Number
LEWIS BRISBOIS BISGAARD & SMITH LLP
2100 Ross Avenue
Suite 2000
Dallas, Texas 75202
Phone:  214.722.7118
Fax:  214.722.7111
Addie.Jones@lewisbrisbois.com
Michael.Gonzales@lewisbrisbois.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2019 the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** was served to all parties via the Court's e-service system as well as the CM/ECF system:

Jeffrey J. Price
Megan E. Servage
HEDRICK KRING, PLLC
1700 Pacific Avenue
Suite 4650
Dallas, Texas 75201
Tel: 214.880.9600
Fax:214-481-1844
jeff@hedrickkring.com
megan@hedrickkring.com

-and-

U.S. District Court Clerk
newcases@cod.uscourts.gov


*/s/Addie Jones*